# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR FLORES,<br><br>       Plaintiff,<br><br>   v.<br><br>FRANCISCO FIGUEROA, et al.,<br><br>       Defendants. | Case No.  1:15-cv-01561---SAB<br><br>ORDER DENYING DEFENDANT'S MOTION FOR A STAY OF THE PROCEEDINGS PURSUANT TO CALIFORNIA CIVIL CODE SECTION 55.54<br><br>(ECF Nos. 7, 12) |

**I.**

**INTRODUCTION**

On October 13, 2015, Plaintiff Oscar Flores filed this action alleging denial of right of access under the Americans with Disabilities Act ("ADA") and state law claims against Defendants Oscar Flores, Francisco Figueroa, Martha Figueroa, Francisco Figueroa, Jr. and Ruben Rubio. (ECF No. 1.) Defendants Francisco Figueroa, Martha Figueroa, and Francisco Figueroa, Jr. filed a motion to stay the action pursuant to California Civil Code Section 55.54 on November 5, 2015. (ECF No. 7.) Plaintiff filed an opposition to the motion on November 12, 2015. (ECF No. 12.)

**II.**

**DISCUSSION**

Defendants filed an application for a stay and early evaluation conference pursuant to

1 California Civil Code section 55.54 on a Judicial Council of California form.  (ECF No. 7.)
2 Plaintiff opposes the motion arguing that section 55.54 is preempted by federal law.

3 Under the California Construction–Related Accessibility Standards Compliance Act, Cal. Civ. Code §§ 55.51–55.54, "some defendants in construction-related accessibility suits [are entitled] to a stay and [an early] evaluation conference for the lawsuit." O'Campo v. Chico Mall, LP, 758 F.Supp.2d 976, 983 (E.D. Cal. 2010) (citing Cal. Civ. Code § 55.54(b)(1)).  Section 55.54 also provides that a qualified defendant is entitled to a stay and early intervention conference where the complaint is filed by a high frequency litigant asserting a construction related accessibility claim.  Cal. Civ. Code § 55.54(a)(1).  Federal courts that have considered whether to apply section 55.54 in federal court have found that the provisions of section 55.54 are preempted by the ADA and cannot be applied to a claim under the ADA.  See O'Campo, 758 F.Supp.2d at 984-85; Daubert v. City of Lindsay, 37 F.Supp.3d 1168, 1179-80 (E.D. Cal. 2014); Moreno v. Vohra, No. 1:14-cv-00539 AWI MJS, 2014 WL 2721770 (E.D. Cal. June 16, 2014).

It is not necessary that a federal statute expressly state that it preempts state law for federal preemption to occur.  Hubbard v. SoBreck, LLC., 554 F.3d 742, 744 (9th Cir. 2008).  "Federal law preempts state law if the state law 'actually conflicts' with federal law."  Hubbard, 554 F.3d at 744.  Since there are no federal rules or procedures addressing mandatory early evaluation conferences or stays of proceedings under the ADA, a state law requirement that a claim brought under the ADA be subjected to such a procedure clearly conflicts with federal law.  O'Campo, 758 F.Supp.2d at 985.

Further, federal courts apply federal procedural law and state substantive law to state law claims raised in federal court  Erie R. Co. v. Tompkins, 304 U.S. 64, 78 (1938).  The touchstone for whether a law is procedural or substantive is whether it significantly affects the result of the litigation.  Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co., 559 U.S. 393, 407 (2010).  Since neither a stay of the proceedings or an early evaluation conference are outcome determinative in this action they are procedural.  Daubert, 37 F.Supp.3d at 1180.

This Court agrees that section 55.54 is procedural and therefore does not apply in federal court.  While the court has the inherent power to "to control the disposition of the causes on its

docket with economy of time and effort for itself, for counsel, and for litigants", Landis v. N. Am. Co., 299 U.S. 248, 254 (1936), Defendant has not made a sufficient showing that a stay of this action would be appropriate.  Accordingly, the Court will deny Defendant's motion to stay the action.

### III.
### ORDER

Based on the foregoing, IT IS HEREBY ORDERED that Defendant's motion to stay this action pursuant to California Civil Code section 55.54 is DENIED.

IT IS SO ORDERED.

Dated:   **November 25, 2015**

UNITED STATES MAGISTRATE JUDGE